IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,867-01






EX PARTE TONY ALLEN WILBURN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 16,187-A IN THE 115TH DISTRICT COURT


FROM UPSHUR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of
marihuana in a drug free zone and was sentenced to seven years' imprisonment. He waived his right
to appeal. 

 Applicant contends, among other things, that his trial counsel was ineffective and his plea
was involuntary. Applicant alleges that he would not have pleaded guilty had he been correctly
advised as to the punishment range to which he would be subject if convicted of this offense.
Applicant was charged by indictment with possession of marihuana in amount of fifty pounds or less
but more than five pounds, in a drug free zone. The offense without the drug free zone allegation
was a third degree felony, with a punishment range of two to ten years' imprisonment. The effect
of the drug free zone allegation was to increase the minimum punishment by five years, making the
applicable punishment range seven to ten years' imprisonment. The trial court finds that the seven-year sentence in exchange for which Applicant pleaded guilty is within the punishment range for a
third degree felony, and is the minimum possible punishment for the offense as charged with the
drug free zone allegation.

 However, Applicant alleges that he was incorrectly advised that he was pleading guilty to a
second degree felony. The indictment and judgement indicate that the offense was a second degree
felony. The written admonishments are not in the habeas record. If Applicant pleaded guilty
because he believed that he would be subject to a twenty-year sentence if he were convicted at trial,
then his plea may not have been knowingly and voluntarily entered. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with a copy of the written
admonishments, and with a transcript of the plea proceedings. The trial court shall also make
findings as to whether Applicant had prior final felony convictions which could have been used to
enhance his punishment range if he had elected to go to trial on the charges. The trial court shall
make findings of fact and conclusions of law in regard to Applicant's claim that his plea was
involuntary. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: February 26, 2014

Do not publish